IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 7 |
| TAHLIA STONE, | § | |
| Debtor. | § | Case No. 23-32986 |
| | | |
| TAHLIA STONE, | § | Adversary Proceeding |
| Plaintiff, | § | |
| v. | § | |
| UNITED STATES DEPARTMENT | § | |
| OF EDUCATION, | § | |
| Defendant. | § | |

**DEBTOR'S COMPLAINT FOR**
**DETERMINATION OF DISCHARGEABILITY OF STUDENT LOAN**

Plaintiff/Debtor Tahlia Stone ("Plaintiff"), through undersigned counsel, files this complaint against the United States Department of Education ("Defendant") seeking a determination as to the dischargeability of her student loan indebtedness, and in support states as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334.

2. This is a core proceeding under 28 U.S.C. §§ 157(b)(1) and 157(b)(2)(I).

3. Venue is proper in this district pursuant to 28 U.S.C. § 1409.

4. Pursuant to Federal Rule of Bankruptcy Procedure 7008 and Rule 7008-1 of the Bankruptcy Local Rules for the Southern District of Texas, Plaintiff consents to the entry of final orders or judgments by this Court if it is determined that this Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

**PARTIES**

5. Plaintiff is an individual residing at 1034 Heathfield Drive, Channelview, Harris County, Texas 77530.

6. Defendant may be served with process at U.S. Department of Education, 400 Maryland Avenue, SW, Washington, D.C. 20202, with copies to United States Attorney, Southern District of Texas, Attention: Civil Process Clerk, 1000 Louisiana, Suite 2300, Houston, Texas 77042, and Attorney General of the United States, U.S. Department of Justice, 950 Pennsylvania Avenue NW, Washington, D.C. 20530.

**FACTUAL BACKGROUND**

7. Plaintiff filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code") on August 4, 2023.

8. During the period between 2004 and 2013, Plaintiff obtained through Defendant certain student loans relating to her studies at LeTourneau University, University of Arizona Global Campus, Grand Canyon University, and Purdue University Global as successor to Kaplan University. Upon information belief, Defendant is the owner of such loans.

9. Plaintiff owed the following student loan debt to Defendant as of November 21, 2024, according to the records of servicer Aidvantage:

| U.S. Department of Education Loan | Disbursement Date | Current Balance | School |
|---|---|---|---|
| 1-01 Stafford - Subsidized | 10/19/2009 | $ 1,576.04 | LeTourneu University |
| 1-02 Stafford - Unsubsidized | 10/19/2009 | $ 4,022.35 | LeTourneu University |
| 1-03 Direct Loan - Subsidized | 10/26/2010 | $ 2,696.89 | University of Arizona Global Campus |
| 1-04 Direct Loan - Unsubsidized | 10/26/2010 | $ 5,224.62 | University of Arizona Global Campus |
| 1-05 Direct Loan - Subsidized | 3/23/2011 | $ 749.28 | Grand Canyon University |
| 1-06 Direct Loan - Unsubsidized | 3/23/2011 | $ 2,040.94 | Grand Canyon University |
| 1-07 Direct Loan - Subsidized | 2/1/2012 | $ 3,302.41 | Purdue University Global |
| 1-08 Direct Loan - Unsubsidized | 2/1/2012 | $ 7,210.23 | Purdue University Global |
| 1-09 Direct Loan - Subsidized | 3/21/2012 | $ 4,020.14 | Purdue University Global |
| 1-10 Direct Loan - Unsubsidized | 3/21/2012 | $ 9,545.57 | Purdue University Global |
| 1-11 Direct Loan - Subsidized | 8/22/2012 | $ 1,168.20 | Purdue University Global |
| 1-12 Direct Loan - Subsidized | 11/7/2012 | $ 5,256.92 | Purdue University Global |
| 1-13 Direct Loan - Unsubsidized | 11/7/2012 | $ 2,112.13 | Purdue University Global |
| 1-14 Direct Loan - Unsubsidized | 11/7/2012 | $ 7,077.60 | Purdue University Global |
| 1-15 Direct Loan - Subsidized | 1/25/2013 | $ 1,168.20 | Purdue University Global |
| 1-16 Direct Loan - Unsubsidized | 1/29/2013 | $ 1,521.29 | Purdue University Global |
| 1-17 Direct Loan - Subsidized | 7/16/2013 | $ 2,036.09 | Purdue University Global |
| 1-18 Direct Loan - Unsubsidized | 7/16/2013 | $ 11,097.45 | Purdue University Global |
|  |  | $ 71,826.35 |  |

10. Plaintiff incurred the foregoing student loan debt while she attended online courses in pursuit of a Bachelor's Degree in Education, with a specialization in Elementary Education. For financial reasons, Plaintiff left her course of study in April 2014 and did not receive a degree.

11. Plaintiff is currently employed as a Service Consultant for Progressive Auto Insurance. She works for the company remotely.

12. Plaintiff does not have the ability to make payments on the student loans while maintaining a minimal standard of living for herself and her household. She is employed on an hourly fee basis. Her gross monthly income is lower than the total of her monthly expenses.

13. In addition, Plaintiff's financial circumstances are unlikely to materially improve over a significant portion of the repayment period. The student loans that she seeks to discharge have been in repayment status for more than 10 years. Plaintiff did not complete the degree for which the student loans were incurred and therefore lacks the qualification to work as a teacher.

Plaintiff suffers from a chronic illness, pernicious anemia, which is an autoimmune condition that sometimes causes her confusion, short-term memory loss, shortness of breath and fatigue. It impacts her earning potential and she works remotely from her home as a result of it. This condition adversely affects her earning capacity. Plaintiff is currently employed but her income is insufficient to pay her living expenses, much less make payments on the student loans that she seeks to discharge. Her income is unlikely to increase to an amount necessary to make substantial payments on the student loans. While she had a partner who was contributing to her living expenses when she commenced her bankruptcy case, that individual has passed away.

14. Plaintiff has made good faith efforts to repay the student loans at issue in this proceeding. She has applied for and continuously received forbearances. She has enrolled in Income Driven Repayment Programs offered by Defendant. Her income has not been sufficient, however, to enable her to repay her student loans.

15. Section 523(a) of the Bankruptcy Code provides that a bankruptcy discharge does not discharge an individual debtor from any debt -

> (8) unless excepting such debt from discharge under this paragraph would impose an undue hardship on the debtor and the debtor's dependents, for—
>     (A)(i) an educational benefit overpayment or loan made, insured, or guaranteed by a governmental unit, or made under any program funded in whole or in part by a governmental unit or nonprofit institution; or
>     (ii) an obligation to repay funds received as an educational benefit, scholarship, or stipend…

16. Plaintiff has demonstrated that it would impose an undue hardship upon the Plaintiff and her dependents to except the student loans from discharge.

WHEREFORE, Plaintiff respectfully requests that this Court determine that her student loan debts to Defendant are dischargeable under 11 U.S.C. Section 523(a)(8), and that the Court grant Plaintiff such other and further relief to which she may show herself entitled.

Dated: December 24, 2024

    Respectfully Submitted,

    BARRON & NEWBURGER, P.C.
    7320 N. MoPac Expwy., Suite 400
    Austin, Texas 78731
    Tel: (512) 476-9103

    By:    */s/ David N. Stern*
            David N. Stern
            State Bar No. 24103634
            *dstern@bn-lawyers.com*
            Paul J. Hammer
            State Bar No. 24089307
            *phammer@bn-lawyers.com*

    *Counsel for Plaintiff Tahlia Stone*